**RECORD NO. 15-4520**

# IN THE
# United States Court of Appeals
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee*

v.

ALDAIR HODZA,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

**OPENING BRIEF OF APPELLANT
ALDAIR HODZA**

Matthew B. Kaplan
KAPLAN LAW FIRM
509 North Jefferson Street
Arlington, VA 22205
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services


Appeal: 15-4520    Doc: 23    Filed: 12/09/2015    Pg: 2 of 18

# TABLE OF CONTENTS
**TABLE OF CONTENTS** ................................................................................. i
**TABLE OF AUTHORITIES** ........................................................................ ii
**JURISDICTIONAL STATEMENT** ............................................................. 1
**STATEMENT OF ISSUES PRESENTED FOR REVIEW** ........................ 1
**NATURE OF BRIEF:** *ANDERS* **BRIEF** .................................................. 1
**STATEMENT OF THE CASE** ..................................................................... 2
   **Factual Background** ................................................................................. 2
   **Procedural Background** .......................................................................... 3
**SUMMARY OF ARGUMENT** .................................................................... 6
**ARGUMENT** ................................................................................................. 6
   **I.  Standard of Review** ........................................................................... 6
   **II.  The Validity of Hodza's Plea Waiver** ............................................. 7
   **III.  The Reasonableness of Hodza's Sentence** ..................................... 9
**CONCLUSION** ............................................................................................ 12
**ORAL ARGUMENT NOT REQUESTED** ............................................... 12
**CERTIFICATE OF SERVICE** .................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738 (1967)............................................................1, 2

*Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315
   (4th Cir. 2008)................................................................................................ 11-12

*Gall v. United States*, 552 U.S. 38 (2007) ............................................................ 9, 10

*United States v. Blanks*, 2015 U.S. App. LEXIS 20409 (4th Cir.
   Nov. 24, 2015) ........................................................................................................9

*United States v. Blick*, 408 F.3d 162 (4th Cir. 2005)...............................................6, 7

*United States v. Booker*, 543 U.S. 220 (2005)..........................................................10

*United States v. Cohen*, 459 F.3d 490 (4th Cir. 2006)..................................................8

*United States v. Dillon*, 355 F. App'x 732 (4th Cir. 2009).......................................10

*United States v. Diosdado-Star*, 630 F.3d 359 (4th Cir. 2011) .............................7, 9

*United States v. Marin*, 961 F.2d 493 (4th Cir. 1992) ...............................................7

*United States v. Owens*, 2015 U.S. App. LEXIS 16912 (4th Cir.
   Aug. 31, 2015) ......................................................................................................11

*United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007) .......................................8

*United States v. Ringling*, 988 F.2d 504 (4th Cir. 1993) ...........................................8

*United States v. Weber*, 493 Fed. App'x. 407 (4th Cir. 2012) ..................................7

**Statutes**

18 U.S.C. § 2.................................................................................................................3

18 U.S.C. § 1591(a) ......................................................................................................3

18 U.S.C. § 2421-22......................................................................................................3

18 U.S.C. § 3231 ........................................................................................................1

18 U.S.C. § 3553(a) ........................................................................................9, 10, 11

18 U.S.C. § 3742(a) ..................................................................................................1

28 U.S.C. § 1291 .......................................................................................................1

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Appellant Aldair Hodza's case by virtue of 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Hodza, acting through counsel, timely filed a notice of appeal with the district court on August 25, 2015. This appeal is from a final order.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Defendant-Appellant Aldair Hodza presents the following issues for review:

- Whether the appellate waiver that Hodza entered into as part of his plea agreement is valid and enforceable.
- Whether Hodza's sentence is procedurally and substantively reasonable.

## NATURE OF BRIEF: *ANDERS* BRIEF

This brief is submitted to the Court pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel for Aldair Hodza has carefully reviewed the record and has concluded that, principally because of an appeal-waiver provision in Hodza's plea agreement, there are no meritorious grounds for appeal. Nevertheless, in accordance with the requirements of *Anders*, counsel sets out in this brief relevant

1

issues "which might arguably support [an] appeal" by Hodza. *Id.* at 744. Counsel respectfully requests that the Fourth Circuit carefully and independently review whether any such issues, or any other issues which may appear in the Record, may form the basis of a non-frivolous appeal.

## **STATEMENT OF THE CASE**

Factual Background

According to the Statement of Facts signed by Hodza in connection with his plea agreement, from approximately December 19, 2014 through January 6, 2015 Hodza, operating in concert with codefendant Laura Sorensen, and using force or the threat of force, imprisoned a female identified as J.B. in a motor home operated by Sorensen and Hodza. Statement of Facts, dkt. 39[1] at 1-2. J.B. was apparently initially detained by Defendants in Iowa, *id.* at 2, and was subsequently transported by Defendants in the R.V. to Virginia Beach, Virginia. *Id.* at 4. While detained, Defendants forced J.B. to engage in numerous sex acts for money. *Id.* at 2-5. Moreover, during her detention J.B. was tortured, beaten and sexually abused by both Hodza and Sorensen. *Id.* at 5. Hodza's minor daughter was present during some of the acts of physical abuse by Hodza and Sorensen against J.B. *Id.* at 5-6.

---

[1] Citations in the form of "dkt. [number]" refer to docket numbers in the district court.

2

Procedural Background

On February 9, 2015 the government filed a complaint in the district court alleging that Hodza and Sorensen had engaged in the crime of Sex Trafficking by Force, Fraud, or Coercion and Hodza was subsequently detained pursuant to an arrest warrant based on the complaint. Dkts. 1, 3. An Indictment of Hodza and Sorensen was filed on March 3, 2015, dkt. 15, and an Amended Indictment, correcting the spelling of Sorensen's name, was filed on March 6, 2015. The Amended Indictment charged both Defendants with one count of Sex Trafficking by Force, Fraud, and Coercion in violation of 18 U.S.C. §§ 1591(a), 2 and one count of Transportation of an Individual for Illegal Sexual Activity in violation of 18 U.S.C. §§ 2421-22. *Id.*

On May 1, 2015 Hodza entered into a plea agreement with the government. Dkt. 38. He agreed to plead guilty to both counts of the indictment against him and he set out material facts relevant to his conduct which provided a factual basis for his plea. Dkt. 38; dkt. 39 (Statement of Facts). For its part, the government agreed that it would recommend that the district court sentence Hodza to a total of 35 years' incarceration on both counts, but the agreement noted that the district court was not bound by this recommendation. Dkt. 38 at 4. The agreement further provided that Hodza waived his right to appeal any sentence imposed "on any ground whatsoever other than an ineffective assistance of counsel claim that is

3

cognizable on direct appeal." *Id.* at 5. The government, however, explicitly retained its right appeal the court's sentence. *Id.*

The district court held a plea hearing on May 1, 2015. Tr. May 1, 2015.[2] Hodza told the court that he had made his plea decision voluntarily after a full opportunity to consult with his attorneys, that he understood that, in pleading guilty, he was giving up certain constitutional rights and that he had personally signed the plea agreement after having an adequate opportunity to review it. *Id.* at 9-14. He also confirmed that he had signed the statement of facts that accompanied the plea agreement and that the facts set out in that statement were true. *Id.* at 20. The district court advised Hodza of the maximum statutory sentences for the two counts to which he was pleading guilty. *Id.* at 15-16. It noted that the plea agreement provided for recommended sentences totaling 35 years of incarceration, but that the court would not be bound by that recommendation. *Id.* at 9. The court also noted that the plea agreement provided that Hodza could not appeal the sentence he actually received but that the government retained its right to appeal a sentence that it deemed inadequate. *Id.* at 19. Near the conclusion of the hearing Hodza entered guilty pleas to both counts,

---

[2] Citations in the form "tr. [date] [page]" refer to transcripts of proceedings in the district court on the date indicated.

4

in accordance with his plea agreement, and the district court accepted these pleas. *Id.* at 21-22.

The district court held a sentencing hearing on August 14, 2015. Tr. 8-14-2015. It noted that the probation officer had determined that, for sentencing guidelines purposes, Hodza "has a total offense level of 38. He is in criminal history category I. His combined guideline range is, on count one and two, … 235 to 293 [months]." *Id.* at 4. Counsel for Hodza and the government agreed that this calculation was correct. *Id.* The court found, however, that

> an upward variance is appropriate based upon the depravity of the offense, the effect upon the victim, and the brutal circumstances under which this victim was transported from state to state in the perpetration of these crimes. So, therefore, I will be departing upward to a total offense level of 42, criminal history I, guideline range of 360 to life.

*Id.* at 4-5. Counsel for both sides indicated that they had no objection to this adjustment. *Id.* at 5.

After hearing a victim impact statement and argument from counsel, the court explained that "[t]he level of depravity here is unprecedented. The effects on the victim are so significant that I simply cannot accept the recommendation offered here." *Id.* at 22. It then sentenced Hodza to 500 months for the first count against him and 120 months for the second count, with both sentences to be served concurrently. *Id.* at 23.

5

Hodza subsequently timely filed a notice of appeal.

## SUMMARY OF ARGUMENT

Hodza's plea agreement prohibits him from appealing his conviction or sentence. Consequently, this Court cannot reach the merits of his appeal unless Hodza establishes that this provision of his plea agreement is not binding and enforceable. In the view of Hodza's undersigned counsel, however, there is no non-frivolous argument that this provision is not binding and enforceable.

If, notwithstanding the language to the contrary in his plea agreement, Hodza were permitted to appeal, he might argue that his sentence should be vacated because it was unreasonable. However, in light of the facts and circumstances of this case, and the deferential standard of review applicable to challenges to the reasonableness of a criminal sentence, Hodza's undersigned counsel believes that, even if this Court were permitted to reach the merits of the issue, there is no non-frivolous argument that Hodza's sentence was unreasonable.

## ARGUMENT

### I.   STANDARD OF REVIEW

"Whether a defendant has effectively waived the right to appeal is an issue of law [which the Fourth Circuit] review[s] de novo." *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

Challenges to a criminal sentence, however, are subject to abuse of discretion review. When a Defendant appeals his sentence the Fourth Circuit

> reviews [the] sentence for reasonableness, applying an abuse of discretion standard…. If [the Court] find[s] no significant procedural error, [it] must then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

*United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (citations and quotations omitted).

## II. THE VALIDITY OF HODZA'S PLEA WAIVER

This Court enforces plea agreements that include a knowing and intentional waiver by the defendant of his right to appeal a conviction or sentence. *United States v. Weber*, 493 Fed. App'x 407, 409 (4th Cir. 2012) ("This court will enforce a valid waiver so long as 'the issue being appealed is within the scope of the waiver.'") (quoting *Blick*, 408 F.3d at 168); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992) ("this court has upheld the validity of a defendant's waiver of the statutory right to appeal a sentence when the waiver was knowingly and voluntarily made."). In this case, the issue being appealed, Hodza's sentence, is within the scope of the plea waiver. Moreover, given Hodza's acknowledged signing of the agreement containing the plea waiver, and the district court's review of the plea waiver with him during the Rule 11 colloquy, there does not appear to be any non-frivolous argument that anything in the Record on appeal supports a

7

determination that Hodza's waiver of his right to appeal was not knowing and intelligent.

The plea agreement in this case, however, required that Hodza relinquish his right to appeal while providing that the government retained its right to appeal any sentence it deemed overly lenient. There may be a non-frivolous argument that such a unilateral plea waiver is inconsistent with due process. However, this Court has determined that "even if we were to conclude that appeal waivers in plea agreements must always be reciprocal, regardless of the parties' desire to negotiate them otherwise, the remedy would not be to invalidate the defendant's waiver, but to deem the government as having waived its right to appeal as well." *United States v. Cohen*, 459 F.3d 490, 495 n.2 (4th Cir. 2006). Consequently, such a due process argument would not afford any relief to Hodza.[3]

---

[3] Moreover, although *Cohen* likely decides this issue, counsel has also carefully reviewed relevant principles of contract law, including consulting authorities such as the Restatement (Second) of Contracts and the treatise Corbin on Contracts. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007) ("Plea bargains rest on contractual principles") (quoting *United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993)). Even if the provision pursuant to which the government retains its right of appeal was found to be invalid, there does not appear to be any reasonable argument under general principals of contract law that Hodza would then be entitled to void the entire plea agreement or the portion of that agreement that prohibits him from appealing.

### III. THE REASONABLENESS OF HODZA'S SENTENCE

Because of Hodza's appellate waiver, it does not appear that there is any non-frivolous argument that this Court should reach the issue of the reasonableness of Hodza's sentence. However, even if Hodza had not waived his right to appeal, the undersigned does not believe that there is a non-frivolous argument that the sentence imposed by the court should be modified.

Specifically, there does not appear to be a non-frivolous argument that Hodza's sentence was procedurally unreasonable. Procedural errors include "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Diosdado-Star*, 630 F.3d at 363 (citations and quotations omitted); *see also United States v. Blanks*, 2015 U.S. App. LEXIS 20409, at *1-2 (4th Cir. Nov. 24, 2015) (*per curiam*, unpublished) ("In determining procedural reasonableness, [the Fourth Circuit] consider[s] whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) … factors, and sufficiently explained the selected sentence.") (citing *Gall v. United States*, 552 U.S. 38, 49-51 (2007)).

9

Here, the district court initially calculated the sentencing guidelines range as 235-293 months and both Hodza and the government agreed that this was appropriate. Tr. 8-14-2015 at 4. The court then announced that "an upward variance is appropriate" "[s]o, therefore, I will be departing upward to a total offense level of 42, criminal history I, guideline range of 360 to life." *Id.* at 5. Again, both Hodza and the United States agreed that this range and criminal history level were appropriate.[4] *Id.*

The district court also gave the parties an opportunity to argue for an appropriate sentence, an opportunity which Hodza availed himself of. Finally, although the court's discussion was not extensive, it explained its sentence, noting

---

[4] The district court did not clearly indicate how it arrived at the modified offense level of 43. Its explanation that an upward "depart[ure]" was appropriate suggests that it did not intend to entirely depart from the Sentencing Guidelines scheme, but its assertion that it had "varied" from the guidelines suggested that it was indeed not using the guidelines system. Tr. 8-14-2015 at 22; *see United States v. Dillon*, 355 F. App'x 732, 735 (4th Cir. 2009) ("'a departure' is a 'term of art' that refers to a non-Guidelines sentence 'imposed under the framework set out in the Guidelines.' A 'variance,' in contrast, denotes a non-Guidelines sentence reached under the factors laid out in 18 U.S.C. § 3553(a).") (citations omitted). Nevertheless, although the district court ought to have been clearer as to whether it was departing entirely from the Sentencing Guidelines, even if this was error it does not appear to be a material error because, under *United States v. Booker*, 543 U.S. 220 (2005), a district court is not bound to impose a sentence within the guidelines range, regardless of what that range might be. *See also Gall*, 552 U.S. at 457 (reviewing court must ensure that trial court made "no *significant* procedural error") (emphasis added). This is especially so since Hodza affirmatively accepted the district court's view that a sentencing range of 360 months to life was proper.

10

that it was departing from the sentence agreed upon by the parties because of "[t]he level of depravity" of Hodza's crime and because the effects on Hodza's victim were "so significant." Tr. 8-14-2015 at 22. The court concluded that the sentence it was imposing was "adequate but not longer than necessary." *Id.* at 22. The district court's reasoning appears to be consistent with 18 U.S.C. § 3553(a), which permits the court to take into account "the nature and circumstances of the offense," and which requires that the sentence imposed be "sufficient, but not greater than necessary, to comply with the purposes set forth in" that section.

There also does not appear to be a non-frivolous argument that this court should overturn Hodza's sentence for substantive unreasonableness. Hodza's sentence was both within the limits imposed by the statute and within what his counsel agreed was an appropriate sentencing range. In his plea agreement Hodza himself had agreed that a 420-month sentence would be proper. The district court explained its reasoning for sentencing Hodza to eighty months more than what the plea agreement recommended and the court's reasoning was consistent with the facts of the case. Because the abuse of discretion standard applies, any review by this Court of the length of a sentence is extremely deferential.[5] *See Evans v. Eaton*

---

[5] Even if Hodza's sentence is deemed to be above the guidelines range, this Court has had little difficulty accepting such sentences. *See, e.g., United States v. Owens*, 2015 U.S. App. LEXIS 16912, at *3 (4th Cir. Aug. 31, 2015) (*per curiam*,

11

*Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) ("the abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance"). Consequently, there appears to be no non-frivolous basis for arguing that the length of the sentence imposed by the district court was substantively unreasonable

## **CONCLUSION**

Although the undersigned counsel does not believe that there are any non-frivolous grounds for appeal he respectfully requests that the Court review the entire Record in this case and make an independent determination as to whether there are any such grounds. Moreover, he requests that Aldair Hodza be afforded the opportunity to submit any additional argument that he may deem appropriate.

## **ORAL ARGUMENT NOT REQUESTED**

The undersigned does not request oral argument unless the Court believes that such argument would be helpful.

---

unpublished) (upholding sentence in excess of guidelines, emphasizing deference afforded to sentencing judges).

Dated:   December 9, 2015          Respectfully submitted,

  /s/Matthew B. Kaplan
Matthew B. Kaplan
Va. Bar No. 51027
The Kaplan Law Firm
509 N. Jefferson St.
Arlington, VA 22205
Telephone:  (703) 665-9529
Fax:  (888) 958-1366
Email: mbkaplan@thekaplanlawfirm.com
*Counsel for Appellant*

# CERTIFICATE OF SERVICE

      I hereby certify that on the date indicated below the foregoing was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

      Dominick Salvatore Gerace, II, Esq., Assistant U. S. Attorney
      Heather L. Hart, Assistant U. S. Attorney
      OFFICE OF THE UNITED STATES ATTORNEY
      Eastern District of Virginia
      Suite 1800
      600 East Main Street
      Richmond, VA 23219-2447
      Email: dominick.s.gerace@usdoj.gov
      Email: heather.l.hart@usdoj.gov

I further certify that a copy of the forgoing was served via First Class United States Postal Service on to:

Aldair Hodza # 85334-083
USP Tucson
P.O. Box 24550
Tucson, AZ 85734

                                                /s/Matthew B. Kaplan
                                                Matthew B. Kaplan

                                                Date: December 9, 2015